Filed 1/28/25  Malikyar v. Jacobsen CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ALISE MALIKYAR,<br><br>          Plaintiff and Respondent,<br>v.<br>ROBERT JACOBSEN,<br><br>          Defendant and Appellant. | A170607<br><br>(Contra Costa County<br>Super. Ct. No. MSD20-03656) |

Robert Jacobsen appeals from a trial court order declaring him to be a vexatious litigant and entering a prefiling order.  He argues he does not meet the definition of a "vexatious litigant" under Code of Civil Procedure[1] section 391, subdivision (b) (section 391(b)), because he has not maintained "at least five litigations" as required under paragraph (1) of section 391(b).  The trial court, however, did not rely on paragraph (1); it found Jacobsen met the definition of a vexatious litigant under paragraphs (2) and (3) of section 391(b).  Because Jacobsen does not challenge the actual bases of the trial court's order, we affirm.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

1

## BACKGROUND

The underlying matter is a family law action that Alise Malikyar initiated in October 2020 by filing a petition for dissolution of marriage.

On March 26, 2024, Malikyar filed a "Motion to Dismiss Civil Case; Motion to have Respondent Declared as a Vexatious Litigant." She alleged that Jacobsen "has used the judicial system to harass [her] with multiple attempts to claim an interest in" certain real property in Walnut Creek (Subject Property).

On April 29, 2024, Jacobsen filed a response and objection to the motion.

On April 30, 2024, the trial court held a hearing on the motion.

On May 1, 2024, the trial court issued a written "order after hearing finding [Jacobsen] to be a vexatious litigant and prefiling order." (Capitalization omitted.) In its written order, the court made the following factual findings. In June and July 2022, the court held an "evidentiary long cause" trial pertaining to all issues involving the Subject Property. In November 2022, it issued a statement of decision adjudicating "all interests" in the Subject Property and finding Malikyar the sole owner of the Subject Property. A judgment was entered on December 16, 2022. In the 2022 trial, the court found Jacobsen "had attempted to reconvey [Malikyar]'s Subject Property at various times to different trusts, corporation, limited liability companies and foreign business entities in a 'shell game' scheme to defeat her interest in the property." The court found Jacobsen was "a convicted felon who perpetrated real estate fraud and money laundering," and he was "not credible and has made material misrepresentations to the Court and continued to engage in a post-ruling litigation to deprive [Malikyar] of her interest in the Subject Property."

2

The trial court further found: "[Jacobsen] has filed at least five (5) actions and motions seeking an interest in the Subject Property during the litigation and after the litigation that continues to defeat [Malikyar]'s interest.  This Court finds that [Jacobsen] continued to file frivolous litigation in attempt to defeat this Court's clear order conveying all interest in the Subject Property to [Malikyar].  All of the underlying civil law cases were either dismissed or consolidated with this case for adjudication."

Under the "Legal Analysis" section of its order, the court quoted paragraphs (2) and (3) of section 391(b)'s definition of a "vexatious litigant." (The court did not cite paragraph (1).)  The court concluded, "[Jacobsen]'s actions, taken in whole and in view of the totality of the circumstances, put him in this definition of CCP Sections 391(b)(2) and (3).  He continues to pursue litigation that attempts to undermine this Court's orders made in the proceeding following trial."

## DISCUSSION

Representing himself, Jacobsen has filed a nine-page opening appellate brief.  Malikyar has not filed a respondent's brief.

A.    *Principles of Appellate Practice*

Before considering Jacobsen's arguments, we summarize standards that apply to appeals.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.  The

3

appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; see also *Garcia v. Seacon Logix, Inc.* (2015) 238 Cal.App.4th 1476, 1489.)

These rules apply to parties who represent themselves in the same manner they apply to parties who are represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) Thus, "pro. per. litigants must follow correct rules of procedure." (*Id.* at p. 1247.)

B.      *Applicable Law and Standard of Review*

The vexatious litigant statutes (§ 391 et seq.) were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.)[2]

Section 391(b) defines a "vexatious litigant" as "a person who does *any* of the following," followed by five numbered paragraphs. (Italics added.) The

---

[2] Although Jacobsen asserts, "To deny a party of the right to file a lawsuit pro per after being judged to be a vexatious litigant is unconstitutional," he does not provide supporting argument or relevant authority, and we note that the vexatious litigant statutes have been upheld as constitutional. (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170–1171 (*Fink*).)

list of five paragraphs provides five "*alternative* definitions of a vexatious litigant." (*Fink*, *supra*, 180 Cal.App.4th at p. 1169, italics added.)

As relevant to this appeal, the first three paragraphs of section 391(b) provide: "(1) In the immediately preceding seven-year period [the person] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

"(2) After a litigation has been finally determined against the person, [the person] repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

"(3) In any litigation while acting in propria persona, [the person] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."

"The trial court exercises its discretion in determining whether a person is a vexatious litigant. Review of the order is accordingly limited and the court of appeal will uphold the ruling if it is supported by substantial evidence. Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

C.    *Analysis*

Jacobsen contends, "To be determined a vexatious litigant you must file 5 frivolous lawsuits or motions, not counting small claims, pro per, over a 7 year period," but he has not done so.  The premise of his contention is incorrect.  Jacobsen describes section 391(b)(1), which is just one of the five different ways a person may meet the definition of a vexatious litigant.[3]  If a person meets the requirements of any one of paragraphs (2) through (5) of section 391(b), the person may be declared a vexatious litigant without also meeting the requirements of section 391(b)(1).

In this case, the trial court did not rely on section 391(b)(1).  The court did not even cite section 391(b)(1).  Instead, the court quoted and relied on section 391(b)(2) and (3).  In his brief on appeal Jacobsen does not challenge the trial court's finding that he "continued to file frivolous litigation in attempt to defeat this Court's clear order conveying all interest in the Subject Property to [Malikyar]," which was the factual basis for its finding that he is a vexatious litigant under paragraphs (2) and (3) of section 391(b).  Thus, he has failed to demonstrate on appeal that the trial court committed an error that justifies reversal.

_____

[3] We note that section 391(b)(1) requires a person to have "maintained in propria persona at least five *litigations*" (italics added), and "litigation" is defined as a "any civil action or proceeding, commenced, maintained or pending in any state or federal court" (§ 391, subd. (a)).  Here, the trial court did not make a factual finding that Jacobsen maintained five separate litigations.  It found that he filed at least five "actions and *motions* seeking an interest in the Subject Property . . . ."  (Italics added.)  "Motions" would encompass frivolous filings within a single "litigation," and the court's finding thus supports its conclusion that Jacobsen "repeatedly fil[ed] unmeritorious motions . . . that are frivolous or solely intended to cause unnecessary delay" (§ 391(b)(3)).

6

**DISPOSITION**

The trial court order filed May 1, 2024, declaring Jacobsen to be a vexatious litigant is affirmed.

_____
Miller, J.

WE CONCUR:

_____
Stewart, P.J.

_____
Desautels, J.

A170607, *Malikyar v. Jacobsen*

7